UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                              )
DAVID EARL JONES,             )
                              )
        Petitioner,           )
    v.                        )   Civil Action No. 10-1086 (PLF)
                              )
RONNIE HOLT,                  )
                              )
        Respondent.           )
_____)
```

MEMORANDUM OPINION

David Earl Jones, who has filed a *pro se* petition for habeas corpus in this Court under 28 U.S.C. § 2254, moves the Court for an evidentiary hearing. See Petition for Writ of Habeas Corpus, Docket No. 1 ("Pet."); Motion for an Evidentiary Hearing, Docket No. 6 ("Mot. Ev."). The Court will deny Mr. Jones's motion for an evidentiary hearing.

Mr. Jones was convicted of first-degree murder while armed, second-degree murder while armed, two counts of possession of a firearm during a crime of violence, and related weapons offenses in the Superior Court of the District of Columbia on April 18, 2001. See Respondent's Motion to Dismiss, Docket No 4 ("MTD"), Ex. 9, at 2. His conviction was upheld by the District of Columbia Court of Appeals on June 29, 2007. See id., Ex. 8, at 2. On April 20, 2010, Mr. Jones filed an untimely *pro se* motion with the court of appeals to recall that court's mandate based on ineffective assistance of appellate counsel. See id., Ex. 10, at 2.[1] The

---

[1] A motion to recall the mandate, filed in the District of Columbia Court of Appeals, is the exclusive means by which a District of Columbia defendant may raise a claim of ineffective assistance of appellate counsel. Williams v. Martinez, 586 F.3d 995, 997 (D.C. Cir. 2009) (citing Watson v. United States, 536 A.2d 1056, 1060 (D.C. 1987)); Reyes v. Rios, 432 F. Supp. 2d 1, 3 (D.D.C. 2006) ("In the District of Columbia, challenges to the effectiveness of

court of appeals denied the motion to recall the mandate on May 26, 2010. See id., Ex. 11, at 8.

While his direct appeal was pending, Mr. Jones also pursued collateral relief in the Superior Court, pursuant to D.C. Code § 23-110, alleging ineffective assistance of trial counsel. See MTD, Ex. 5. This effort was unavailing: the Superior Court denied his Section 23-110 motion on September 8, 2008, and the court of appeals affirmed that denial on November 18, 2009. See id., Ex. 5; id., Ex. 9.

On June 28, 2010, Mr. Jones filed a habeas corpus petition under 28 U.S.C. § 2254 with this Court, alleging ineffective assistance of appellate counsel in his direct appeal. See Pet. at 5A-5B.

In support of his motion for an evidentiary hearing, Mr. Jones relies on Townsend v. Swain, 372 U.S. 293 (1963), which held that an evidentiary hearing is required in a federal habeas proceeding "unless the state-court trier of fact has after a full hearing reliably found the relevant facts." Id. at 312-13. Mr. Jones contends that "the fact finding procedure employed by the Court of Appeals did not adequately provide a full and fair hearing of the petitioner's claim." Mot. Ev. at 1. The court's procedure was inadequate, according to Mr. Jones, because it "denied [his] motion to recall the mandate without requiring the government to file a response and without conducting an evidentiary hearing[.]" Affidavit in Support of Mot. Ev. ¶ 2. Mr. Jones argues that this failure to hold an evidentiary hearing deprived him of a full and fair adjudication of his ineffective assistance claims. A hearing was necessary, he avers, to investigate one of the two claims that he raised in his motion to recall the mandate — that his appellate counsel was

---

appellate counsel are properly raised through a motion to recall the Court of Appeals' mandate.").

ineffective "for failing to argue during the pendency of my direct appeal that my trial counsel was ineffective for failing to investigate/present an intoxication defense, where there was evidence that I and the victims were under the influence of PCP at the time the crimes occurred." Id.

Among the exhibits included with the respondent's motion to dismiss are Mr. Jones's motion to recall the mandate and a District of Columbia Court of Appeals docket sheet from Mr. Jones's case. See MTD, Ex. 10; id., Ex. 11. These documents reveal that Mr. Jones's motion to recall the mandate was untimely, in violation of the Rules of the District of Columbia Court of Appeals, having been filed nearly 29 months after the mandate was issued. See id., Ex. 10, at 2; id., Ex. 11, at 8; see also D.C. APP. R. 41(f) ("Any motion to recall the mandate must be filed within 180 days from the issuance of the mandate."). Mr. Jones's motion was apparently denied because it was procedurally time-barred.

The issue of Mr. Jones's procedural default is significant because the landscape has shifted significantly in this area of the law since Townsend v. Swain. In Keeney v. Tamayo-Reyes, 504 U.S. 1 (1992), the Supreme Court partly overruled Townsend. The Court in Keeney held that a habeas petitioner is not entitled to an evidentiary hearing in federal court if the petitioner was responsible for failing to develop the facts before the state court unless the petitioner can show "cause for his failure to develop the facts in state-court proceedings and actual prejudice resulting from that failure." Id. at 11.[2]

---

[2] The Court also acknowledged a "narrow exception" to this standard: "A habeas petitioner's failure to develop a claim in state-court proceedings will be excused and a hearing mandated if he can show that a fundamental miscarriage of justice would result from failure to hold a federal evidentiary hearing." Keeney v. Tamayo-Reyes, 504 U.S. at 12.

Congress subsequently enacted the Antiterrorism and Effective Death Penalty Act of 1996, 110 Stat. 1214 (1996), which changed the applicable standards further by modifying 28 U.S.C. § 2254. Subsection (e) of that section now states that "[i]f the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim" unless the applicant shows that one of two criteria are met. Only one of the exceptions is pertinent here but, for the reasons described below, it provides no relief for petitioner. As a result of his own procedural default, Mr. Jones has not developed any factual basis for his ineffective assistance of counsel claims, and he therefore is precluded from obtaining an evidentiary hearing in this Court.

Under Section 2254(e), an applicant is entitled to an evidentiary hearing if the petitioner's claim relies on "a factual predicate that could not have been previously discovered through the exercise of due diligence." Id. § 2254(e)(2)(A)(ii). Interpreting this provision, the Supreme Court has clarified that any "lack of diligence" must be "attributable to the prisoner or the prisoner's counsel." Williams v. Taylor, 529 U.S. 420, 433 (2000). The Court further explained that "[d]iligence will require in the usual case that the prisoner, at a minimum, seek an evidentiary hearing in state court in the manner prescribed by state law." Id. at 437.

> For state courts to have their rightful opportunity to adjudicate federal rights, the prisoner must be diligent in developing the record and presenting, if possible, all claims of constitutional error. If the prisoner fails to do so, himself or herself contributing to the absence of a full and fair adjudication in state court, § 2254(e)(2) prohibits an evidentiary hearing to develop the relevant claims in federal court.

Id.

Under these principles, Mr. Jones's bid for an evidentiary hearing in this Court must be denied, because he has not "[sought] an evidentiary hearing in state court in the manner prescribed by state law," and thus has not exhibited the "minimum" level of diligence required. See Williams v. Taylor, 529 U.S. at 437. Mr. Jones's inability to develop the record regarding his ineffective assistance of counsel claims was a direct result of his failure to file a motion to recall the mandate with the District of Columbia Court of Appeals within the prescribed time period. As noted above, Mr. Jones did not miss this deadline by a matter of days, but rather by nearly two years, and he offers no reason why his procedural default in the court of appeals should not be attributed to a lack of diligence. Had he timely raised the issue before the District of Columbia Court of Appeals and had that court found it unable to resolve the issue without a factual record, it presumably would have remanded the case to the Superior Court to develop one.

## CONCLUSION

For the foregoing reasons, Mr. Jones's motion for an evidentiary hearing is denied. An Order consistent with this Memorandum Opinion shall issue this same day.

SO ORDERED.

/s/
PAUL L. FRIEDMAN
United States District Judge

DATE: September 30, 2011